# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DEBORAH E. HURST, )
 )
    Plaintiff, )
 )
v. ) Case No. CV415-167
 )
LAND & SEA WEAR, )
 )
    Defendant. )

## ORDER

Proceeding *pro se*, Deborah E. Hurst has filed an employment discrimination case against "Land & Sea Wear," a Savannah, Georgia retail store. Doc. 1. In its last Order, the Court conditionally granted her motion for leave to proceed *in forma pauperis* ("IFP"), doc. 3 and she has since fulfilled that condition. Doc. 4. As noted then, plaintiff appears to allege that she was hired to work at Land & Sea Wear, but management shortly thereafter fired her upon discovering that she has Multiple Sclerosis ("MS"). Construing her complaint liberally, the Court concluded that she is invoking The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101(b)(1). Doc. 3 at 2.

However, the Court encouraged her to amend her Complaint (she has not) and reminded her of that no "gotcha" (unexhausted) claims are allowed. *Id.* at 5; *see also Duble v. FedEx Ground Package Sys., Inc.*, 572 F. App'x 889, 892 (11th Cir. 2014) (MS employee failed to administratively exhaust his later-filed retaliatory termination claim after he initially brought ADA claims against his employer for failure to accommodate him; his retaliatory termination claims related to a discrete act of alleged discrimination that occurred after he filed his initial charge with the EEOC, and he failed to amend his charge or file a new one).

With those reminders, the Court greenlights this case. Hence, the defendant will have to be served with Fed. R. Civ. P. 4 process. To that end, the Court will implement the service procedure deployed in *Newton v. Food Lion, LLC*, CV415-153 doc. 10 (S.D. Ga. Dec 9, 2015) and *Simmons v. Five Star Quality Care, Inc.*, CV414-203, 2014 WL 6603759 at * 4 (S.D. Ga. Nov. 19, 2014), *adopted*, 2015 WL 307003 (S.D. Ga. Jan. 23, 2015).

That process unfolds in stages. Since the Court has authorized IFP status for Hurst, Rule 4 service must be made by the United States Marshals Service. Fed. R. Civ. P. 4(c)(3) (the court "must" order that

2

service be made by the Marshal "if the plaintiff is authorized to proceed [IFP]"). But the Marshal needs to know where to serve the defendant, and that information must come from the plaintiff. Hence, these preliminary steps are required: The Clerk shall send to plaintiff a USM 285 form and a summons form. Within *twenty-one days* of that mailing, plaintiff must *accurately* complete both forms[1] and return them to the Clerk, who will then forward a copy of each to the defendant. The Clerk is instructed to notify the undersigned if plaintiff fails to comply. Should plaintiff fail to comply, this action may be dismissed for failure to obey a Court order. Local Rule 41.1.

Should that phase of the Rule 4 service cycle be completed, the Clerk will then prepare a service waiver package for the defendant. Rule 4(d)(1). That package must include: a Rule 4 Notice of Lawsuit and Request to Waive Service of Summons[2] (prepared by the Clerk); two copies of the

---

[1] Both forms require the plaintiff to list the defendant's name and proper address. These forms may be addressed "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d))(1)(A)(ii). A corporation's principal office address can be found here: https://ecorp.sos.ga.gov.

[2] The Clerk also shall complete the lower portion of the AO 398 Notice of Lawsuit and Request for Waiver form by printing plaintiff's name and also her address data.

Waiver of the Service of Summons form (prepared by the Clerk); an envelope addressed to the Clerk of Court with adequate first class postage for use by the defendant for return of the waiver form; one (1) copy of the Complaint; and one (1) copy of this Order. The Clerk shall retain and docket the original USM 285 forms and the summons returned by the plaintiff. *See Dunn*, 2014 WL 1028949 at * 3.

Next, the Clerk shall mail the service waiver package to the defendant. The defendant is under a duty to avoid unnecessary costs of personally serving the summons. If it fails to comply with the mailed request for waiver of service, it must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form. Should the defendant fail to waive service within sixty (60) days following the date the service waiver package was mailed (the Clerk shall docket that act), the Clerk will prepare and transmit to the Marshal a service package. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint, plus a copy of this Order. The Marshal will then promptly serve the defendant.[3] The executed

---

[3] It is unclear whether Hurst is suing a corporation, as opposed to an individual using

waiver form or the completed USM 285 form shall be filed with the Clerk.
*See Dunn*, 2014 WL 1028949 at * 2-3.

---

a "d/b/a" ("doing business as" name for his or her retail store). Special considerations apply for serving corporate entities:

> Federal Rule of Civil Procedure 4(h)(1) requires that a corporation be served with process either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Under Rule 4(h), [personal] service of process on a corporation may be effected by delivering a copy of the summons and the complaint to an officer of the corporation. The Eleventh Circuit has held that Rule 4(h) requires personal service on an agent of a corporation to properly perfect service. *Dyer v. Wal–Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) ("[t]he term "delivering" appears to refer to personal service."). In *Dyer* the Court upheld dismissal of a *pro se* action on grounds of imperfect service where the complainant's only attempt at service was sending by certified mail a copy of the summons and complaint to the defendant corporation's registered agent.
>
> Rule 4(h) also allows for service of a corporation in the manner prescribed by Rule 4(e)(1). Rule 4(e)(1) permits a claimant to perfect service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." In Georgia, a corporation is properly served by delivering a copy of both the summons and complaint to the president or other officer of such corporation, a managing agent thereof, or a registered agent thereof. O.C.G.A. § 9–11–4(e)(1)(A). "The mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service. The service upon a registered agent has to be personal." *Ritts v. Dealers Alliance Credit Corp.*, 989 F.Supp. 1475, 1478 (N.D.Ga.1997) (citing *Todd v. Harnischfeger Corp.*, 177 Ga.App. 356, 340 S.E.2d 22, 23 (Ga.Ct.App.1985)).

*Kennebrew v. Green Tree Servs. LLC*, 2014 WL 4956453 at * 2 (N.D. Ga. Oct. 2, 2014), quoted in *Moore v. PNC Mortg., N.A.*, 2015 WL 1931403 at * 2 (S.D. Ga. Apr. 28, 2015) (advising dismissal of *pro se* case against an LLC and John Doe defendants for failing to timely serve them), *later determination*, 2015 WL 3507321 at * 2 (S.D. Ga. June 2, 2015) (dismissing those defendants). Plaintiff is obligated to supply all necessary address data to enable the Marshal to serve "Land & Sea Wear."

Once Hurst's Complaint is served upon the defendant, she must then serve it (through its counsel, if it is represented) a copy of every additional pleading or other document which she files with the Court. *See* Fed. R. Civ. P. 5. She also shall include with each paper so filed a certificate stating the date on which she mailed an accurate copy of that paper to the defendant or its counsel. This Court will disregard any papers submitted which have not been properly filed with the Clerk or which do not include a certificate of service.

Finally, plaintiff also must keep the Court and any defendant advised of her current address at all times during the pendency of this action. Failure to do so may result in dismissal of her Complaint. She also must litigate his case, conduct and respond to any discovery, and comply with both the Federal Rules of Civil Procedure and this Court's Local Rules, which are available online: http://www.gasd.uscourts.gov/lr/lr1.htm.

**SO ORDERED** this 16th day of December, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA